# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:13-CR-00093-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) **ORDER** |
| TRAQUON RASHAAD DAVIS, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's *pro se* Motion for a Sentence Modification under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. No. 70). For the reasons discussed below, the Court will **DENY** the Motion.

## I. BACKGROUND

On January 24, 2014, Traquon Rashaad Davis pleaded guilty to conspiracy to possess with intent to distribute cocaine base and using or carrying one or more firearms in furtherance of a drug trafficking crime. (*See* Doc. No. 25). This Court sentenced Davis to 84 months of incarceration and four-years of supervised release. (Doc. No. 36).

Davis' supervision began on September 19, 2019. (Doc. No. 42). On February 27, 2020, the United States Probation Office petitioned this Court for a warrant alleging Davis had committed seven violations of his supervised release conditions. *Id*. Subsequently, this Court revoked Davis' supervised release and sentenced him to 42 months of imprisonment. (Doc. No. 53). The Fourth Circuit upheld the revocation on appeal. (Doc. No. 69).

Davis now moves for a modification of his revocation sentence for extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 70).

1

## II. DISCUSSION

Davis offers two arguments for a modification of his sentence. First, he argues that the COVID-19 pandemic's "effect on the incarcerated" warrants a modification. (Doc. No. 70). And second, Davis maintains that he is erroneously incarcerated for a "Grade A" supervised release violation. Both arguments are meritless.

First, Davis' generalized statement about the COVID-19 pandemic's effects is insufficient to show an extraordinary and compelling reason for a sentence modification. *See United States v. Murry*, F.Supp.3d__, 2021 WL 1899362, 2021 U.S. Dist. LEXIS 90792 at n.2 (E.D. Va. May 11, 2021). Furthermore, according to the Bureau of Prisons' (BOP) website, Lewisburg USP currently has only one inmate and zero staff with confirmed active cases of COVID-19. Since the beginning of the pandemic, there has been one inmate death and zero staff deaths at Lewisburg while 353 inmates have recovered, and 171 staff have recovered. Additionally, at the Lewisburg complex, 292 staff have been fully inoculated and 1,085 inmates have been fully inoculated. *See Coronavirus*, Federal Bureau of Prisons (April 5, 2022), https://www.bop.gov/coronavirus.

Second, Davis' revocation argument is similarly unpersuasive. The United States Probation office alleged Davis had violated condition one of his supervised release, which states Davis "shall not commit another federal, state, or local crime," on three occasions by committing "Grade A" violations. (*See* Doc. Nos. 36, 42). "Grade A" violations are defined as:

> conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years

U.S.S.G. § 7B1.1(a)(1). The Court is required revoke a defendant's supervised release upon a finding of a Grade A violation. U.S.S.G. § 7B1.3(a)(1).

2

Probation alleged in violation one of the petition that Davis violated of 21 U.S.C. § 856(a)(1) ("Maintaining drug-involved premises"), which is punishable by a term of "imprisonment of not more than 20 years or a fine of not more than $500,000, or both, or a fine of $2,000,000 for a person other than an individual." *See* 21 U.S.C. § 856(b). Probation also alleged the relevant conduct for violations two and three violated 21 U.S.C. § 841(a)(1), which involved a controlled substance offense and is punishable by a term of imprisonment that "not be less than 5 years." *See* 21 U.S.C. § 841(b)(1)(b), Consequently, these violations were properly classified as potential "Grade A" violations.

To revoke a defendant's supervised release, a court need only find that the defendant violated a condition of supervised release based on a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). Importantly, there does not be a conviction as Davis argues. (*See* Doc. No. 70). Under this standard, the court must simply conclude that the existence of a fact is more probable than its nonexistence. *United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010) (citing *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal*., 508 U.S. 602, 622, 113 S. Ct. 2264, 124 L. Ed. 2d 539 (1993)). At the September 24, 2020 Revocation Hearing, after the testimony of witnesses and the arguments of counsel, the Court found by a preponderance of the evidence that Davis maintained a vehicle for the purpose of controlled substance distribution (violation one) and that he engaged in felony trafficking of cocaine (violation three). (Doc. No. 63). Thus, the Court properly found Davis had committed two "Grade A" violations, which required revocation.[1]

---

[1] As noted above, Davis' revocation was upheld on appeal when challenged on other grounds. (*See* Doc. No. 69).

In sum, there is no basis to grant Davis a modification of his revocation sentence for extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and accordingly the Court will deny the Motion.

**IT IS THEREFORE ORDERED** that Defendant's *pro se* Motion for a Sentence Modification under 18 U.S.C. § 3582(c)(1)(A)(i), (Doc. No. 70), is **DENIED**.

**SO ORDERED**

Signed: April 7, 2022

Kenneth D. Bell
United States District Judge